**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:17-cv-485-FDW**

| | |
|---|---|
| **DANNY R. HEMBREE, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **FNU BRANCH, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER** is before the Court on a Motion to Dismiss or Quash filed by Defendants FNU Branch, Sheriff Cloninger, and FNU Whitlock pursuant to Rules 12(b)(2), 12(b)(4), and 12(b)(5) of the Federal Rules of Civil Procedure, (Doc. No. 13), alleging insufficient service of process and lack of personal jurisdiction. Also pending is Defendant Hughes' Motion for Extension of Time to Answer, (Doc. No. 22).

**I.   BACKGROUND**

Plaintiff is a *pro se* North Carolina prisoner alleging that he was subjected to deliberately indifferent medical care and the use of excessive force at the Gaston County Jail. (Doc. No. 1). The Court conducted initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) and, on September 7, 2017, allowed the case to proceed against Defendants Branch, Whitlock, Flitt, Hughes, Kim, and Sheriff Cloninger. (Doc. No. 7). The Court ordered Plaintiff to fill out and return summons forms for the U.S. Marshal to effectuate service of process. The Clerk of Court electronically issued summons forms to the U.S. Marshal for service on Defendants on September 7 and 26, 2018. (Doc. Nos. 8, 12). Summons forms were returned executed as to Whitlock and Branch on September 18, 2018, and as to Hughes, Kim, and Flitt on Novebmer 2, 2018. (Doc. Nos. 19-21). No return has

1

been docketed for Sheriff Cloninger.

Defendants Branch, Whitlock, and Sheriff Cloninger filed the instant Motion to Dismiss or Quash on October 1, 2018. (Doc. No. 13). They argue that the summonses that were returned as to Defendants Whitlock and Branch, (Doc. Nos. 10, 11), should be quashed because service against them was insufficient that so summons has been returned as to Defendant Cloninger, and none of them have been personally served.

Defendant Cloninger and Gaston County Sheriff Deputy Johnathan Lomick have filed an affidavit in support of dismissal. They state that the U.S. Marshals service left papers at the Gaston County Sheriff's Office on September 12, 2018, with Sergeant Lomick. No summons was directed to the Gaston County Sheriff or the Sheriff's Office and no summons was delivered to Cloninger. The documents given to Sergeant Lomick were sent to Cloninger's attorney. None of these documents have been delivered to Whitlock or Branch. Sergeant Lomick is not authorized to receive service of process for Cloninger, his department, or any individual employee.

The Court issued a Roseboro[1] Order to Plaintiff on October 3, 2018, advising him of the importance of responding to Defendants' motion. (Doc. No. 15). Plaintiff has filed a Response, (Doc. No. 16), arguing that he is *pro se* and indigent, and relied upon the U.S. Marshals Service to properly and timely serve Defendants in this matter.

**II.     STANDARD OF REVIEW**

"Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998). A motion may be brought to dismiss for lack of personal jurisdiction, insufficient process,

---

[1] Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975).

and insufficient service of process may be brought pursuant to Rules 12(b)(2), 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure. Once the sufficiency of service is challenged, the plaintiff bears the burden of establishing that service of process has been accomplished in a manner that complies with Rule 4. See, e.g., Plant Genetic Sys., N.V. v. Ciba Seeds, 933 F. Supp. 519, 526 (M.D.N.C. 1996).

### III. DISCUSSION

Rule 4(e) of the Federal Rules of Civil Procedure provides as follows:

> Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

Rule 4(j)(1) of the North Carolina Rules of Civil Procedure prescribes the manner by which service may be effectuated in North Carolina, directing that service upon a natural person shall be as follows:

> a. By delivering a copy of the summons and of the complaint to the natural person or by leaving copies thereof at the defendant's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein.
>
> b. By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
>
> c. By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee.

> d. By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the party to be served, delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.
>
> e. By mailing a copy of the summons and of the complaint by signature confirmation as provided by the United States Postal Service, addressed to the party to be served, and delivering to the addressee.

N.C. R. Civ. P. 4(j)(1).

Defendant Branch and Whitlock have demonstrated that they were never personally served process in this action because the individual who received the packets at their workplace was not authorized to accept service on Defendants' behalf. Defendant Cloninger has demonstrated that no service has been effectuated on him whatsoever. Therefore, the Motion to Quash will be granted as to Defendants Whitlock and Branch but the Motion to Dismiss will be denied.

Plaintiff is incarcerated and proceeding *pro se* and *in forma pauperis*. Plaintiffs who are proceeding *in forma pauperis* must rely on the district court and the U.S. Marshals Service to effect service of process according to 28 U.S.C. § 1915. See 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, 210 F.3d 361 (4th Cir. 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

The Court will not penalize Plaintiff for having relied on the Clerk of Court and the U.S. Marshals Service to effect service of process on his behalf. See Robinson v. Clipse, 602 F.3d 605,

608 (4th Cir. 2010) (declining to penalize in forma pauperis plaintiff for U.S. Marshals Service's delay in effecting service of process); Carroll v. Fentress Cnty. Sheriff's Dep't, 2012 WL 140417 at *2 (M.D. Tenn. Jan. 18, 2012) (magistrate report and recommendation denying motion to dismiss for insufficient service of process, noting that once prisoner plaintiffs have adequately identified the defendants to be served, "responsibility for service of process rest[ed] with the United States Marshals Service. If defendants were not properly served, plaintiffs cannot be held responsible"), *adopted*, 2012 WL 847775 (M.D. Tenn. Mar. 12, 2012).

Therefore, the Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain service on Defendants Branch, Cloninger, and Whitlock in accordance with Rule 4 within 30 days of this Order.

**IV.    EXTENSION OF TIME**

For good cause shown, Defendant Hughes' Motion for Extension of Time to Answer will be granted until November 29, 2018.

**V.    CONCLUSION**

For the reasons stated herein, Defendant's Motion to Dismiss will be denied, but his Motion to Quash will be granted as to Defendants Whitlock and Branch. The U.S. Marshal will be instructed to use reasonable efforts to effectuate service on Defendants Branch, Cloninger, and Whitlock. Defendant Hughes' Motion for Extension of Time to Answer will be granted

**IT IS THEREFORE ORDERED THAT**:

(1)    Defendants Whitlock, Branch, and Cloninger's Motion to Dismiss or Quash, (Doc. No. 13), is **GRANTED** in part and **DENIED** in part as stated in this Order.

(2)    Defendant Hughes' Motion for an Extension of Time to Answer, (Doc. No. 22), is **GRANTED** until November 29, 2018.

5

(3) Within **30 days** of this Order, the U.S. Marshal shall use reasonable efforts to locate and obtain personal service on Defendants Whitlock, Branch, and Cloninger in accordance with Rule 4 of the Federal Rules of Civil Procedure. If the U.S. Marshal is unable to locate and obtain and service on Defendants within this time period, the U.S. Marshal shall inform the Court of the efforts taken to locate and serve them.

(4) The Clerk of Court is respectfully instructed to mail a copy of this Order to the U.S. Marshal.

Signed: November 5, 2018

Frank D. Whitney
Chief United States District Judge