UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-485-FDW

| | |
|---|---|
| DANNY R. HEMBREE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU BRANCH, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on *pro se* Plaintiff's Motion to Appoint Counsel, (Doc. No. 36), Letter seeking the preservation and production of evidence, (Doc. No. 37), and Motion to Compel the U.S. Marshal to Serve Defendants Branch, Whitlock, and Cloninger, (Doc. No. 39). Defendants FNU Flitt and Kim LNU have filed Motions to Stay Discovery, (Doc. Nos. 43, 44), Defendants Branch, Whitlock, Cloninger, and Hughes' Motion for Protective Order, (Doc. No. 45), and Defendants FNU Branch, FNU Cloninger, and FNU Whitlock's Motion for Extension of Time to Answer. (Doc. No. 50).

First, Plaintiff's Motion to Appoint Counsel will be denied. There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). In support of his Motion, Plaintiff states *inter alia* that he is unable to afford counsel, the issues are complex, Plaintiff has no access to a law library and limited knowledge of the law. The record reflects that Plaintiff has been able to adequately represent himself in these proceedings. This case does not present exceptional circumstances that justify appointment of

1

counsel. Therefore, Plaintiff's Motion seeking the appointment of counsel will be denied.

Second, Plaintiff has filed a Letter in which he seeks an Order from the Court requiring Defendants to preserve any audio and video footage of the incidents that occurred on March 8 or 9, 2016 that Plaintiff believes will be "accidentally" destroyed or erased. (Doc. No. 37 at 3). Parties have a duty to preserve material evidence "when a party reasonably should know that the evidence may be relevant to the anticipated litigation." Silvestri v. Gen. Motors Corp., 271 F.3d 583, 591 (4th Cir. 2001). If a party cannot fulfill this duty to preserve because he does not own or control the evidence, "he still has an obligation to give the opposing party notice of access to the evidence or of the possible destruction of the evidence if the party anticipates litigation involving that evidence." Id. Plaintiff's speculative and conclusory allegations have failed to demonstrate a significant risk that relevant evidence will be lost or destroyed absent a preservation order, and any spoliation of evidence may subject them to sanctions. See Sivestri, 271 F.3d at 591; Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 156 (4th Cir. 1995). Therefore, to the extent that the Plaintiff's Letter seeks a preservation order, that request will be denied. See, e.g., Todd v. White, 2017 WL 424892 at *3 (W.D.N.C. Jan. 31, 2017).

Third, the parties have filed several pleadings relating to discovery. Plaintiff has filed a First Request for Production of Documents, (Doc. No. 38).[1] In response, Defendants Flitt and Kim to file Motions to Stay Discovery until after a discovery order has been issued by the Court, (Doc. Nos. 43, 44), and Defendants Branch, Whitlock, Cloninger, and Hughes to file a Motion for

---

[1] This Court's Local Rules provide that "The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses therto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) such materials are necessary for use in an in-court proceeding; or (3) such materials are filed in support of, or in opposition to, a motion or petition." LCvR 26.2. Plaintiff is instructed to direct his discovery requests to the appropriate parties rather than the Court.

2

Protective Order, (Doc. No. 45), in which they seek to strike Plaintiff's request for production of documents, prohibit any discovery until discovery is ripe including all parties, claims, and service issues have been made and a scheduling order is entered. This Court's Local Rules provide that the parties "may engage in consensual discovery at any time." LCvR 16(f). However, official court-enforceable discovery does not commence until issues have been joined and a scheduling order has been entered. LCvR 16(f); LCvR 26.1. A party seeking early court-enforceable discovery must file a motion for leave to take early discovery and state the reasons for the request. LCvR 16(f). No scheduling order has yet been issued in the instant case and Plaintiff has not sought or received leave to take early discovery. Therefore, official court-enforceable discovery has not yet commenced. Defendants' Motions seeking a stay of discovery, a protective order, and the striking of Plaintiff's discovery request, will therefore be denied as moot.

Fourth, Plaintiff's Motion seeking to compel service, or for information on service status, with regards to Defendants Branch, Whitlock, and Coninger will be denied as moot as these Defendants have now been served. See (Doc. Nos. 47-49).

Fifth, Defendants Cloninger, Branch, and Whitlock seek an extension of time to answer the Complaint which will be granted until February 25, 2019.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion to Appoint Counsel, (Doc. No. 36), is **DENIED.**

(2) Plaintiff's Letter, (Doc. No. 37), is construed as a Motion for a Preservation Order and is **DENIED.**

(3) Plaintiff's Motion to Compel Service, (Doc. No. 39), is **DENIED** as moot.

(4) Defendant FNU Flitt's Motion to Stay Discovery, (Doc. No. 43), is **DENIED** as moot.

(5) Defendant Kim LNU's Motion to Stay Discovery, (Doc. No. 44), is **DENIED** as moot.

(6) Defendants Branch, Whitlock, Cloninger, and Hughes' Motion for Protective Order, (Doc. No. 45), is **DENIED** as moot.

(7) Defendants FNU Branch, FNU Cloninger, and FNU Whitlock's Motion for Extension of Time to Answer, (Doc. No. 50), is **GRANTED** until February 25, 2019.

Signed: January 28, 2019

Frank D. Whitney
Chief United States District Judge