UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-485-FDW

| | |
|---|---|
| DANNY R. HEMBREE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU BRANCH, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on *pro se* Plaintiff's "Motion for Reconsideration," (Doc. No. 59), in which he requests additional time to file an Amended Complaint, and Defendants Branch, Cloninger, Hughes, and Whitlock's Motion for Extension of Time to Respond to Discovery Requests, (Doc. No. 60).

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" means that "scheduling deadlines cannot be met despite a party's diligent efforts." Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997) (citations omitted). The court has "wide latitude in controlling discovery and … [t]he latitude given the district courts extends as well to the manner in which it orders the course and scope of discovery." Ardrey v. United Parcel Service, 798 F.3d 679, 682 (4th Cir. 1986).

Plaintiff seeks an extension of the deadline for Amending the Complaint until June 13, 2019. Defendants Cloninger, Branch, Whitlock, and Hughes, seek an extension of time through May 20, 2019 to respond to Plaintiff's First Request for Production of Documents. The parties'

1

motions are supported by good cause and will be granted.[1] The dispositive motion deadline remains July 22, 2019. See (Doc. No. 53). No further extensions of the scheduling order deadlines will be granted except on a showing of extraordinary circumstances.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's "Motion for Reconsideration," (Doc. No. 59), is construed as a Motion for Extension of Time to File an Amended Complaint and is **GRANTED** until June 13, 2019.

2. Defendants Branch, Cloninger, Hughes, and Whitlock's Motion for Extension of Time to Respond to Discovery Requests, (Doc. No. 60), is **GRANTED** until May 29, 2019.

Signed: April 15, 2019

Frank D. Whitney
Chief United States District Judge

---

[1] Plaintiff is cautioned that any Amended Complaint will be subject to all timeliness and procedural requirements. See, e.g., Fed. R. Civ. P. 8(a)(2) (requiring pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief…."): Mayle v. Felix, 545 U.S. 644, 664 (2005) (discussing relation back); Young v. City of Mt. Ranier, 238 F.3d 567 (4th Cir. 2001) (amended complaint supersedes the original complaint).