UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-485-FDW

| | |
|---|---|
| DANNY R. HEMBREE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU BRANCH, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on periodic status review.

*Pro se* Plaintiff's Amended Complaint pursuant to 42 U.S.C § 1983 passed initial review on claims against several Defendants including Gaston County Screening Nurse C. Allie. (Doc. Nos. 62, 64). A summons form for Defendant Allie was transmitted to the U.S. Marshal for service on May 20, 2019. (Doc. No. 69). The summons was returned unexecuted as to Defendant Allie on May 21, 2019, because Defendant Allie "no longer works with Gaston Sheriff Office, no forwarding address." (Doc. No. 73).

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding *in forma pauperis* provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named

1

defendants. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

The Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain service on Defendant Allie. If the U.S. Marshal is unable to obtain service on Defendant Allie, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service. Defendant's home address shall be redacted from the summons forms for security purposes.

**IT IS THEREFORE ORDERED** that:

1. The U.S. Marshal shall use all reasonable efforts to locate and obtain service on **Defendant C. Allie**. If he U.S. Marshal is unable to obtain service on Defendant Allie, the U.S. Marshal shall inform the Court of the reasonable attempts to obtain service.

2. The Clerk is respectfully instructed to mail a copy of the Amended Complaint, (Doc. No. 62), and this Order to the U.S. Marshal.

Signed: May 23, 2019

Frank D. Whitney
Chief United States District Judge