UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-485-FDW

| DANNY R. HEMBREE, JR. | ) | |
|---|---|---|
| Plaintiff, | ) | **PROTECTIVE ORDER** |
| v. | ) | |
| FNU BRANCH, et al., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Defendants Branch, Cloniger, Hughes, and Whitlock's Motion for Protective Order, (Doc. No. 78), to which Counsel for Defendants Flitt and Kim has consented. The moving Defendants also seek an extension of time to mail the materials to the appropriate DPS designee within seven days following entry of this Order. The Motion is **GRANTED** as follows:

Plaintiff Danny R. Hembree, Jr. is currently incarcerated in the custody of the North Carolina Department of Public Safety ("NCDPS"), with a projected release date of May 29, 2064. NCDPS regulations regarding offender property limit the type and amount of property that Plaintiff Hembree is permitted to retain while in NCDPS custody. This Protective Order serves to ensure Plaintiff's access to discovery materials that may be necessary to the prosecution of his case, while also addressing both Defendants' concerns regarding dissemination of confidential or security related materials, and NCDPS rules regarding property retention and access[1].

---

[1] Upon representation of counsel for Defendants Cloniger, Whitlock, Hughes, and Branch, NCDPS, through counsel, has been consulted regarding the contents of this Order and consents to its entry.

This Protective Order shall govern the access and use of movant Defendants' Responses to Plaintiff's First Official Requests for Production of Documents and any subsequent materials requested and/or produced in discovery that contain information regarding operational procedures relating to inmate management, such that possession of such information could lead to the breach of facility security; escape from a correctional facility; cause injury to another inmate, third parties, or facility personnel; and/or pose a threat to the orderly running of a correctional facility (all of which are hereinafter referred to as "Confidential Security Material").

Movant Defendants shall produce the requested relevant Confidential Security Material, subject to this Protective Order within seven days of this Order, inclusive of Video footage taken inside the jail of the incidents at issue in this action, and internal jail documents involving intake procedures and questionnaires for the dates plaintiff was in the Gaston County jail in March 2017, statements of defendants and of other jail personnel regarding the incidents at issue in this action and relevant policies and procedures, on the following conditions:

1. Copies of such Confidential Security Material as Defendants' may choose to serve upon Plaintiff may be submitted to the Warden of the NCDPS institution where Plaintiff is housed as of the date of entry of this Order, along with a copy of this Order.[2]

2. Upon written request and at such time as may be reasonable, the Warden will permit Plaintiff to review the Confidential Security Material, including arranging for Plaintiff to review the video provided, if any. Plaintiff will be permitted to take notes regarding the materials, but the facility shall not make, or permit to be made, any copies of the Confidential Security Material. Plaintiff may retain the notes he creates and take any such notes with him

---

[2] Disclosure of materials to counsel for other defendants is governed by this Court's Standing Protective Order.

after the review. The frequency and duration of any review may be limited by the operational, logistical, and staffing needs of the facility. Plaintiff's review of the materials will be supervised by facility staff to the extent necessary to maintain facility security and operational integrity.

3. In the event Plaintiff is transferred to another NCDPS correctional facility, the Confidential Security Material shall be transferred by the Warden of the sending facility to the Warden of the receiving facility, along with a copy of this Court Order.

4. Upon final judgment or resolution of any appeal, counsel for movant Defendants shall notify the Warden of the facility in which the Plaintiff is then housed that the case is concluded. Counsel for Defendants shall, at their election, request either that the Warden return the Confidential Security Materials to them or that the Warden destroy the Confidential Security Materials. In the event the materials are requested to be destroyed, the Warden will notify Plaintiff and counsel for Defendants in writing when the destruction of the materials has been completed.

5. No information contained in the Confidential Security Material reviewed by Plaintiff shall be disclosed except as is necessary in connection with this litigation, including appeals, and not for any other purpose, including any other litigation.

6. Any Confidential Security Material filed with the Court by either party shall be filed and maintained under seal.

7. Any violation of this Protective Order may be punishable as Contempt of Court.

8. Nothing in this Protective Order is intended to prevent officials or employees of Gaston County, the State of North Carolina, or other authorized government officials, from having access to the Confidential Security Material to which they would have access in the normal course of their official duties.

9. The provisions of this Protective Order are without prejudice to the right of any party:

    (a) To apply to the Court for a further protective order relating to any confidential material or relating to discovery in this litigation;

    (b) To apply to the Court for an order removing the confidential material designation from any documents;

    (c) To object to a discovery request.

10. The provisions of this Order shall remain in full force and effect until further Order of this Court.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that the incorporated Motion for Extension of Time is **GRANTED** for good cause shown.

Signed: June 4, 2019

_____
Frank D. Whitney
Chief United States District Judge