UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-485-FDW

| | |
|---|---|
| DANNY R. HEMBREE, JR., )<br> )<br>    **Plaintiff,** )<br> )<br>vs. )<br> )<br>FNU BRANCH, et al., )<br> )<br>    **Defendants.** )<br>_____) | **ORDER** |

**THIS MATTER** is before the Court on Defendants Branch, Cloniger, Hughes, Long, and Whitlock's Motion to Seal Exhibits, (Doc. No. 89).

There is a "presumption under applicable common law and the First Amendment that materials filed in this Court will be filed unsealed." LCvR 6.1(a); see Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988) (First Amendment right to access to court proceedings includes criminal and civil cases). However, a court has authority to seal documents before it based upon the court's inherent supervisory authority over its own files and records. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). The denial of access to documents under the First Amendment must be necessitated by a compelling government interest that is narrowly tailored to serve that interest. See In re Washington Post Co., 807 F.2d 383, 390 (4th Cir. 1986); In re State-Record Co., Inc., 917 F.2d 124, 127 (4th Cir. 1990). Courts have noted safety concerns as overriding interests that outweigh the presumption of public access to judicial records. See Presley v. Georgia, 558 U.S. 209 (2010). Before sealing judicial records, a court must identify the interest that overrides the public's right to an open court, and articulate supporting findings specific enough that a reviewing court can determine whether the order was

1

properly entered. See Press–Enterprise Co. v. Superior Ct. of Ca., 464 U.S. 501, 510 (1984); LCvR 6.1. When addressing motions to seal, the Court must consider alternatives to sealing and specify whether the sealing is temporary or permanent and also may redact such orders in its discretion. LCvR 6.1.

*Pro se* Plaintiff filed this civil rights suit pursuant to 42 U.S.C § 1983. The Complaint passed initial review on several claims including the use of excessive force. (Doc. No. 64). Defendants Branch, Cloniger, Hughes, Long, and Whitlock have now filed a Motion for Summary Judgment that is supported by exhibits including body camera and video camera footage that has been filed with the Court on a CD. The moving Defendants argue that it is inappropriate to disclose the footage to the public for safety and security reasons and pursuant to the Protective Order in this case. (Doc. No. 89 at 1); see (Doc. No. 79). Defendants Flitt and Carter consent to this Motion and the *pro se* Plaintiff has not been consulted. (Id. at 2).

The Court has considered alternatives to sealing and finds that compelling safety concerns override the public's right to an open court in this case and warrant permanently sealing the Exhibits at issue. The moving Defendants' Motion will be granted for the reasons set forth in the Motion and the Clerk of Court will be directed to seal Exhibits 1-B, 1-D-1 and 1-D-2 (Doc. Nos. 88-3, 88-5, and 88-6).

**IT IS THEREFORE ORDERED** that:

1. Defendants Branch, Cloniger, Hughes, Long, and Whitlock's Motion to Seal Exhibits, (Doc. No. 89), is **GRANTED**.

2. The Clerk of Court is respectfully instructed to seal Exhibits 1-B, 1-D-1 and 1-D-2 to Defendants Branch, Cloniger, Hughes, Long, and Whitlock's Motion for Summary Judgment, (Doc. Nos. 88-3, 88-5, and 88-6).

Signed: July 22, 2019

Frank D. Whitney
Chief United States District Judge