# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:17-cv-485-FDW

| | |
|---|---|
| DANNY R. HEMBREE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU BRANCH, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Motion for Reconsideration of Protective Order, (Doc. No. 82), Motion for Extension of Time to Complete Discovery and Stay Defendants' Motion for Summary Judgment, (Doc. No. 91), and Motion for Extension of Time to Respond to Motion for Summary Judgment, (Doc. No. 96).

*Pro se* Plaintiff, who is presently incarcerated at the Harnett Correctional Institution, filed this civil rights suit pursuant to 42 U.S.C. § 1983 with regards to incidents that allegedly occurred at the Gaston County Jail. The Amended Complaint, (Doc. No. 62), passed initial review on claims against Defendants Branch and Whitlock for the use of excessive force, against Defendants Allie and Flitt for medical deliberate indifference, against Defendants Branch, Carter, Hughes, Kim, Long and Whitlock for unwanted medical care, and against Defendant Cloniger for supervisory liability. (Doc. No. 64).

The Court entered a Protective Order on motion of Defendants Branch, Cloniger, Hughes, and Whitlock, on June 5, 2019, to govern the use of, and access to, Defendants' discovery that could lead to the breach of facility security, escape from a correctional facility, cause injury to another inmate, third parties, or facility personnel, and/or pose a threat to the orderly running of

1

the jail facility. See (Doc. Nos. 78, 79).

Plaintiff has filed a Motion for Reconsideration of Protective Order (Doc. No. 82), arguing that he was not immediately granted access to discovery materials held by the Superintendent of Harnett C.I. despite verbal and written requests. He also complains that his ability to access and possess the documents and his ability to take notes are restricted by the Protective Order. He claims that some of the discovery materials should not be covered by the Protective Order because they are not truly "confidential security material." (Doc. No. 82 at 2). Plaintiff asks that Defendants be required to certify that all the documents within the Superintendent's custody are actually "confidential security material" and that discovery that does not qualify as such be given to his possession. (Id.). Plaintiff also seeks a "Stay" of Defendants' Motion for Summary Judgment and for an extension of the discovery cutoff date, because he was not yet allowed to see the documents that Defendants provided to the Superintendent of the Harnett C.I. Plaintiff has also filed a Motion for Extension of Time to Answer Defendants' Motion for Summary Judgment, (Doc. No. 96), alleging that the Defendants transcription of the video footage (Exhibit A to the Motion for Summary Judgment) is not accurate, and asks that he be permitted to review the discovery materials in their original format and to be permitted to pursue further discovery if needed.

Defendants have filed a Response, (Doc. No. 94), explaining that the materials sent to the Harnett C.I. Superintendent include: (1) video footage and body camera footage depicting the interior of the jail; (2) the internal incident report along with written statements of Defendants Brach, Whitlock and Hughes; (3) the March 9, 2016 booking records of Plaintiff at the Gaston County Jail; and (4) the entirety of the Sheriff's Use of Force policy. (Doc. No. 94 at 2). Counsel for Defendants has provided Plaintiff with the relevant documents in alternative formatting to the extent possible to alleviate security concerns such that "the pertinent contents of all relevant and

non-security materials are now in Plaintiff's possession." (Doc. No. 94 at 2). Defendants also oppose an extension of time because timely responses were provided to Plaintiff's discovery requests and Plaintiff has already been granted one extension of the discovery deadline during which he instituted no new discovery. Defendants argue that the Motion for Stay should be denied as moot because they filed their Motion for Summary Judgment before Plaintiff's Motion to Stay was filed or received.

The court has "wide latitude in controlling discovery and … [t]he latitude given the district courts extends as well to the manner in which it orders the course and scope of discovery." Ardrey v. United Parcel Service, 798 F.3d 679, 682 (4th Cir. 1986). A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" means that "scheduling deadlines cannot be met despite a party's diligent efforts." Dilmar Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997) (citations omitted). In deciding whether additional discovery is appropriate, courts have considered the following factors: whether trial is imminent; whether the request to reopen discovery is opposed; whether the non-moving party would be prejudiced; whether the moving party was diligent during the discovery period; the foreseeability of the request based on the time line set forth by the court; and the likelihood that the discovery will lead to relevant evidence. See Smith v. United States, 834 F.2d 166, 169 (10th Cir. 1987); Chester v. Adams Auto Wash, Inc., 2015 WL 9222893 at *2 (E.D.N.C. Dec. 17, 2015).

The Court has previously granted Plaintiff's request to extend the discovery deadline and Defendants represent that he did not submit any new discovery requests. In light of that fact, and Defense counsel's representation that Plaintiff has now been directly provided with all relevant and non-sensitive material, no further extension of time is warranted. The Court will also deny Plaintiff's Motion for Reconsideration of the Protective Order in light of the sensitive nature of

the material covered. Plaintiff will, however, be granted an extension of time to respond to Defendants' Motion for Summary Judgment until September 9, 2019. This will provide Plaintiff time to view the bodycam footage and other materials being held by the Harnett C.I.'s Superintendent. **The Court asks that the Superintendent of Harnett C.I. to be mindful of the importance of granting Plaintiff the timely opportunity to review discovery material under the Protective Order in preparation of his case**.

**IT IS, THEREFORE, ORDERED** that

1. Plaintiff's Motion for Reconsideration of Protective Order, (Doc. No. 82), is **DENIED**.

2. Plaintiff's Motion for Extension of Time to Complete Discovery and Stay Defendants' Motion for Summary Judgment, (Doc. No. 91), is **DENIED**.

3. Plaintiff's Motion for Extension of Time to Respond to Defendants Branch, Cloniger, Hughes, Long, and Whitlock's Motion for Summary Judgment, (Doc. No. 96), is **GRANTED** until **September 9, 2019**.

4. The Clerk of Court is instructed to mail a copy of this Order to all parties and to the Superintendent of Harnett Correctional Institution, Box 1569, Lillington, NC 27546.

Signed: August 7, 2019

Frank D. Whitney
Chief United States District Judge