IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:17-cv-00485-MR

| | |
|---|---|
| DANNY R. HEMBREE, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| FNU BRANCH, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court *sua sponte*.

In March 2020, the Honorable Frank D. Whitney, Chief United States District Judge,[1] entered an Order granting in part and denying in part the Defendants' motion for summary judgment. The Court granted said motion as to all claims and all Defendants except for the Plaintiff's excessive force claims against Defendants Branch and Whitlock as well as the relate state law claims. [Doc. 105]. In this Order, Chief Judge Whitney instructed the Clerk to "use reasonable efforts to locate a volunteer lawyer to assist Plaintiff at trial pursuant to" the Court's Prisoner Assistance Program ("PAP"). [Doc.

---

[1] On April 24, 2020, this matter was reassigned to the undersigned.

105 at 46]. The Plaintiff agreed to participate in the PAP on March 24, 2020. [Doc. 107].

There is no absolute right to the appointment of counsel in civil actions such as this one. The mere fact that the Plaintiff's case is proceeding to trial does not constitute "exceptional circumstances" warranting the appointment of counsel. See Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987) (holding that plaintiff must present "exceptional circumstances" in order to justify appointment of attorney). The Court previously instructed the Clerk to make "reasonable efforts" to locate an attorney to represent him at trial. [Doc. 105 at 46]. Having made such efforts, the Clerk of Court has been unable to located such volunteer attorney to represent the Plaintiff. Additionally, effective June 9, 2020, the Court has suspended the PAP until further notice because of the lack of availability of volunteer attorneys. [See Misc. Case No. 3:19-mc-00013, Doc. 4]. Accordingly, the Plaintiff will be required to proceed to trial *pro se*.

The Court notes that both the Plaintiff and the remaining Defendants Branch and Whitlock have requested a jury trial in this matter. [See Docs. 62, 81]. The ongoing COVID-19 pandemic has made the scheduling of jury trials within this District increasingly difficult. The parties are therefore advised that if they wish to proceed with a trial by jury, such trial is not likely

2

Case 3:17-cv-00485-MR   Document 109   Filed 06/09/20   Page 2 of 3

to occur before January 2021. If, however, the parties unanimously agree to waive their right to a jury, the Court would be able to hold a non-jury (bench) trial during the September 2020 term. The Court will allow the parties fourteen (14) days from the entry of this Order to advise how they wish to proceed.

**IT IS, THEREFORE, ORDERED** that the Plaintiff will be required to proceed to trial *pro se.*

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the entry of this Order, the parties shall advise the Court in writing as to whether they agree to waive their right to a jury trial in this matter.

**IT IS SO ORDERED.**

Signed: June 9, 2020

Martin Reidinger
Chief United States District Judge